IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL U. ARIWODO, | § | |
| (#A-29-400-627), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1907 |
| | § | |
| SHARON A. HUDSON, District Director, | § | |
| United States Department of Homeland | § | |
| Security - Citizenship and Immigration | § | |
| Service, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Michael U. Ariwodo (#A-29-400-627) has filed a complaint for a writ of

mandamus under 28 U.S.C. § 1361, seeking to compel the defendant to adjudicate two

pending visa petitions and an application for adjustment of immigration status.   The

defendant, District Director Sharon A. Hudson of the United States Department of Homeland

Security - Citizenship and Immigration Service ("USCIS"), has filed a motion to dismiss for

lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil

Procedure.  (Doc. # 8).  The defendant also moves to dismiss under Rule 12(b)(6) because

the plaintiff is not entitled to the relief that he seeks.  The plaintiff has filed objections in

response. (Doc. # 9).  After reviewing all of the pleadings, and the applicable law, the Court

grants the defendant's motion and dismisses this case for reasons set forth briefly below.

I.    **BACKGROUND**

The following undisputed facts are taken from the pleadings.  Ariwodo is a native and citizen of Nigeria.  Ariwodo reports that he was lawfully admitted to the United States in 1985, on a non-immigrant student visa (an "F-1 visa").  Ariwodo's wife, Scholastica, and his daughter, Sandra, also obtained non-immigrant visas ("F-2 visas") to accompany Ariwodo while he studied in the United States at Jackson State University in Mississippi.

In 1989, Ariwodo and Scholastica divorced.  Ariwodo subsequently married a United States Citizen named Emlyn Brown in 1990.  When a United States Citizen marries an alien, the citizen can file a Form I-130 "Petition for Alien Relative" (an "I-130 petition") to have the spouse classified as an "immediate relative."  *See* 8 U.S.C. §§ 1154 (establishing the petitioning procedure for an immigrant visa based on "immediate relative" status) and 1151(b)(2)(A)(i) (defining "immediate relative" to include a citizen's spouse).  Once classified as an immediate relative of a United States Citizen, the alien spouse becomes eligible to seek an adjustment of his immigration status by filing a Form I-485 "Application to Register Permanent Residence or Adjust Status" (an "I-485 application") and to become a lawful permanent resident under 8 U.S.C. § 1255(a).

After they were married, Ms. Brown filed an I-130 petition for an immediate relative visa on Ariwodo's behalf so that, as her spouse, Ariwodo could become eligible to become a lawful permanent resident.  Immigration officials denied the I-130 petition in 1991, after concluding that Ariwodo's union with Ms. Brown was a fraudulent "sham marriage" entered into solely for the purpose of circumventing immigration laws.  Based on this finding that

Ariwodo marriage to Ms. Brown was not entered into with good faith, Ariwodo was deemed ineligible for an immediate relative visa.   Neither Ms. Brown nor Ariwodo filed an appeal from that decision.

In February of 1992, Ariwodo's ex-wife, Scholastica, married a United States Citizen. As a result of that marriage, Scholastica was able to obtain lawful permanent resident status. Scholastica and Ariwodo had another child together (Michael Ariwodo Jr.) in June of 1992, while both were married to other people.  Ariwodo and Ms. Brown subsequently divorced. Eventually, immigration officials initiated proceedings to deport Ariwodo for his failure to maintain lawful status.  After removal proceedings were instituted against Ariwodo in 2001, he re-married Scholastica, who had since become a widow.  As a lawful permanent resident alien, Scholastica filed an I-130 petition on Ariwodo's behalf on July 25, 2001.  Ariwodo then filed a Form I-485 application to adjust his status.  After Scholastica attained United States Citizenship through naturalization in 2004, she filed a second I-130 petition seeking an immediate relative visa for Ariwodo.

Ariwodo is presently in custody at a federal immigration detention center in Houston, Texas, pursuant to a final order of removal.  The complaint filed by Ariwodo does not seek review of the merits of any decision or action by immigration officials.  Rather, Ariwodo seeks a writ of mandamus under 28 U.S.C. § 1361 to compel USCIS officials to adjudicate the pending I-130 petitions filed on his behalf by Scholastica in 2001 and 2004, and the pending I-485 application filed by Ariwodo to adjust his status.  Ariwodo complains that

USCIS has improperly failed or refused to timely process these pending petitions and that this refusal concerns a non-discretionary duty for which mandamus relief is available.

The defendant has filed a motion to dismiss claims concerning the I-130 visa petitions for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The defendant argues further that claims concerning the I-485 application must be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Ariwodo has filed objections in response to the defendant's motion. In that response, Ariwodo argues for the first time in this case that he is also entitled to habeas corpus relief under 28 U.S.C. § 2241 from his indefinite detention. The parties' contentions are discussed below under the governing legal standards.

## II.   STANDARD OF REVIEW

As noted above, the complaint filed by Ariwodo seeks a writ of mandamus to compel immigration officials with the USCIS to adjudicate two pending I-130 petitions and a pending I-485 application to adjust status. The writ of mandamus is governed by 28 U.S.C. § 1361, which provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is an extraordinary remedy. *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (citing *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)). To obtain a mandamus order, a plaintiff must establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *Id.*

Ariwodo's claims concerning the I-130 petitions and his I-485 application to adjust status are discussed separately below in light of this standard. In conducting this review, the Court recognizes that Ariwodo proceeds *pro se* and that his pleadings are entitled to a liberal construction. *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002) ("It is well established that *pro se* complaints are held to less stringent standards that formal pleadings drafted by lawyers.").

## III.   DISCUSSION

### A.   The I-130 Petitions

The defendant argues that Ariwodo's claim concerning any failure to adjudicate the pending I-130 petitions must be dismissed for lack of subject matter jurisdiction. The defendant's motion to dismiss for lack of subject matter jurisdiction is governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.*

In support of the motion to dismiss, the defendant has submitted an administrative decision showing that immigration officials have issued a notice of intent to deny the pending I-130 visa petitions. (Doc. # 8, Ex. 1, *Notice of Intent to Deny Visa Petition*, dated August 15, 2006). That decision concludes that Ariwodo is statutorily ineligible for a visa under 8

U.S.C. § 1154(c), because of the previous finding that he engaged in marriage fraud in an attempt to circumvent immigration laws when he married Ms. Brown.  (*See id*.).  The defendant argues that, because the I-130 petitions have been adjudicated, there is nothing to compel for purposes of a mandamus action and that Ariwodo's claim concerning the I-130 petitions is now moot.

A case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'"  *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  *Id.* (quoting *Lewis*, 494 U.S. at 477).

According to the complaint filed by Ariwodo, the only relief sought with respect to the I-130 petitions was a writ of mandamus to compel adjudication.  The written decision provided by the defendant reflects that the petitions have been considered and rejected by the USCIS, which has announced its intent to deny a visa. (Doc. # 8, Ex. 1, *Notice of Intent to Deny Visa Petition*, dated August 15, 2006).  Ariwodo complains that a case or controversy remains because this adverse decision is not yet final.  Ariwodo does not dispute, however, that the decision represents an adjudication on the merits.  Because the I-130 petitions filed on Ariwodo's behalf have been adjudicated, there is nothing left for this Court

to remedy by way of a writ of mandamus.[1]  The Court concludes, therefore, that Ariwodo's request for a writ of mandamus to compel adjudication of the I-130 petitions is moot.  The defendant's motion to dismiss this issue for lack of subject matter jurisdiction is granted.

### B.        The I-485 Application to Adjust Status

The defendant argues that Ariwodo's remaining claim concerning any failure by USCIS to adjudicate his I-485 application to adjust status must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  Motions to dismiss under Rule 12(b)(6) are appropriate only when a complaint fails to state a legally cognizable claim.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The defendant argues that Ariwodo is not eligible for a writ of mandamus regarding his I-485 application to adjust status because USCIS has no authority to adjudicate that application under the circumstances present in this case.  The defendant points out that Ariwodo is subject to a final order of removal.  Immigration judges have exclusive

---

[1]     Ariwodo attempts to argue that the case is not moot because the decision to deny his visa is invalid.  Ariwodo's remedy is an appeal to the Board of Immigration Appeals.  Any attempt to challenge to the merits of the administrative decision in federal court is not only unexhausted, but is also subject to dismissal because for lack of jurisdiction.  *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding judicial review of discretionary decisions and actions by the Attorney General and Department of Homeland Security).

jurisdiction over applications for adjustment of status from aliens in removal proceedings. 8 C.F.R. § 1245.2(a)(1)(i).  Thus, aliens subject to an order of removal may only seek an adjustment of status from an immigration judge by filing a motion to reopen his removal proceeding to apply for adjustment of status.  *See Wellington v. INS*, 108 F.3d 631, 635 (5th Cir. 1997) ("INS practice requires that aliens who have been found [removable] in [removal] proceedings seek adjustment of status through the mechanism of reopening their [removal] proceedings.") (citing *Yahkpua v. INS*, 770 F.2d 1317, 1318 (5th Cir. 1985)).

Because only an immigration judge can adjudicate an application for adjustment of status from an alien such as Ariwodo, who is subject to a final order of removal, the USCIS has no duty to adjudicate that application.  For this reason, Ariwodo fails to state a claim for which mandamus relief can be granted.

The Court notes that Ariwodo's claim concerning his I-485 application fails for an additional reason.  Even if Ariwodo's I-485 application were properly filed with USCIS, the defendant notes that Ariwodo is not eligible for an adjustment of status.  The defendant points out that, after he was ordered removed, Ariwodo was granted the privilege of voluntary departure.  At that time, Ariwodo was warned about the consequences of failing to depart voluntarily, but he chose to remain in the United States illegally.  Because Ariwodo did not depart voluntarily, he is barred from adjusting his status by 8 U.S.C. § 1229c(d)(1) (providing that an alien permitted to depart voluntarily who fails to depart as directed shall be subject to a civil monetary penalty and shall be ineligible, for a period of ten years, to adjust status under 8 U.S.C. § 1255, among other things).  Because Ariwodo is not eligible

8

for an adjustment of status as a matter of law, he fails to show that he is entitled to the relief that he seeks for this additional reason. Accordingly, the defendant's motion to dismiss for failure to state a claim is granted.

### C.    Ariwodo's Habeas Corpus Claims

In his response to the defendant's motion to dismiss, Ariwodo alleges that he is entitled to habeas corpus relief from his continued detention under 28 U.S.C. § 2241. This claim was not presented in the complaint, which asked only for a writ of mandamus or injunctive relief regarding the failure or refusal of USCIS officials to adjudicate the pending visa petitions and application for adjustment of status. This Court declines to address Ariwodo's habeas corpus claims for reasons that follow.

Ariwodo has not articulated a clear basis for federal habeas corpus relief under 28 U.S.C. § 2241, because the pleadings that he has submitted provide insufficient details about the nature of his custody. Likewise, Ariwodo is in custody of officials with the Department of Homeland Security Immigration and Customs Enforcement ("ICE"), and not USCIS, meaning that the defendant in this case, District Director Sharon Hudson, is not the proper respondent for a habeas corpus action. More importantly, Ariwodo does not allege or otherwise show that he has exhausted available administrative remedies to challenge his continued detention. *See* 8 C.F.R. § 241.13 (outlining the administrative review process for challenges to detention past the removal period). Requiring administrative review first will benefit an analysis of any potential claim by virtue of having an administrative record that includes input from the State Department as well as a record of the petitioner's cooperation

in obtaining a travel document to secure his removal.[2]  For these reasons, the Court declines

to recharacterize this proceeding as one for a writ of habeas corpus.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.      The defendants' motion to dismiss (Doc. # 8) is **GRANTED**.

2.      This case is **DISMISSED** for lack of jurisdiction and for failure to state a

claim.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **September 25, 2006.**

Nancy F. Atlas
United States District Judge

---

[2]      Administrative input would be of particular value in Ariwodo's case.  Ariwodo has litigated
his continued detention in this district previously.  *See Ariwodo v. Ashcroft*, Civil Action No.
H-04-4462 (S.D. Tex.).  The district court denied relief in that case after observing that the
delay in removal was of Ariwodo's own making and that he could not show that his continued
detention was unreasonable under the circumstances.  That case remains on appeal to the
Fifth Circuit.